UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICHAEL IANNONE,
*Plaintiff*,
    v.
BRIDGESTONE RETAIL OPERATIONS, LLC
*Defendant*                                              Monday, December 15, 2025

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Bridgestone Retail Operations, LLC ("Defendant") hereby gives notice of the removal of this action, which is returnable in the Superior Court of Connecticut in the Judicial District of Waterbury, captioned *Iannone v. Bridgestone Retail Ops., LLC*, to the United States District Court for the District of Connecticut. As grounds for removal, the Defendant states as follows:

1.    This case arises from a single-car accident that occurred on Route 8 in Watertown, Connecticut on May 12, 2025 involving a motor vehicle allegedly operated by plaintiff Michael Iannone.

2.    The Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties properly joined and served to this lawsuit and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

3. On or about December 8, 2025, Plaintiff issued a summons and Complaint ("the Complaint") returnable in the Superior Court of Connecticut in the Judicial District of Waterbury naming Bridgestone Retail Operations, LLC as Defendant.

4. Plaintiff alleges in the Complaint that he was injured in a single-car rollover automobile accident on May 12, 2025, in which plaintiff was the operator of the motor vehicle. *See* Complaint, Exhibit A.

5. Plaintiff alleges that as a result, he suffered serious injuries. *Id.*

## TIMELINESS OF REMOVAL

6. The undersigned Defendant received service of the Complaint on or about December 10, 2025. Exhibit A.

7. This Notice of Removal is timely because it is filed within 30 days from the date that the last Defendant received service of the Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

8. Complete diversity of citizenship exists in this matter because Bridgestone Operations, LLC is a citizen of a different state than Plaintiff, specifically Delaware. *See* 28 U.S.C. § 1332(a).

9. Plaintiff is an individual residing in Hamden, Connecticut. Plaintiff is therefore a citizen of Connecticut for diversity purposes. *See* Summons, Exhibit B.

10. At the time of the filing of the Complaint, Bridgestone Retail Operations, LLC. was, and currently is, a limited liability company organized under the laws of the state of Delaware with its principal place of business located in Nashville, Tennessee. Bridgestone Retail Operations, LLC is a wholly owned subsidiary of Bridgestone Americas, Inc., a corporation formed under the laws of the State of Nevada. Bridgestone Americas, Inc. is wholly owned by Bridgestone Corporation, a Japanese corporation that is publicly traded in Japan. Bridgestone Retail Operations, LLC is therefore not a citizen of Connecticut for diversity purposes.

11. There is complete diversity between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of Connecticut, and no properly joined and served Defendant is a citizen of the State of Connecticut.  *See* 28 U.S.C. § 1332(a)(1); 1441(b)(2).

## AMOUNT IN CONTROVERSY

12. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

13. According to the Complaint, Plaintiff suffered injuries that included brain injury and spinous ligament injuries. Exhibit A at 3. The Complaint further alleges that the damages exceed $15,000. Exhibit A at 6. Thus, it is apparent from the Complaint that Plaintiff's alleged damages exceed the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

14. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the Defendant is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

15. Pursuant to 28 U.S.C. § 1446(a), the Defendant attaches all process, pleadings and orders that have been filed, served or received by the Defendant in this action as Exhibit C.

16. Pursuant to 28 U.S.C. § 1391 and §1446, venue is proper in the United States District Court for the District of Connecticut, as the Complaint in this action was filed in the Superior Court for the State of Connecticut, Judicial District of Waterbury concerning an accident in Watertown, Connecticut.

17. The Defendant will give written notice of the filing of this Notice of Removal to all other parties. The Defendant will also file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of Connecticut, Judicial District of Hartford, as required by 28 U.S.C. § 1446(d), upon the filing of the action in Superior Court.

18. In removing this action, the Defendant does not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

19. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, the Defendant respectfully requests that this action proceed in the United States District Court for the District of Connecticut, as an action properly removed from state court.

Respectfully submitted,

BRIDGESTONE RETAIL OPERATIONS, LLC,
By their attorneys,

*Ben Levites*
Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
blevites@coughlinbetke.com

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically and via first class mail, postage prepaid, to all counsel of record on Monday, December 15, 2025.

*Ben Levites*
Benjamin Levites

5