UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICHAEL IANNONE,
*Plaintiff*,

v.

BRIDGESTONE RETAIL OPERATIONS, LLC          3:25-cv-02091-KAD
*Defendant*                                 Monday, April 27, 2026

## RULE 26(f) REPORT

Defendant Bridgestone Retail Operations, LLC hereby submits the following Report under

Federal Rule of Civil Procedure 26(f):

**Date Complaint Filed**: Plaintiff served his Complaint returnable in the Judicial District of Waterbury on Friday December 10, 2025. Defendant Bridgestone Retail Operations, LLC removed the case to federal court on December 15, 2025.

**Date of Defendant's Appearance**: December 15, 2025.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, counsel for the defendant attempted to convene a conference on January 29, 2026; February 23, 2026; April 23, 2026, when Defendant provided this Rule 26(f) Report to Plaintiff for review and comment; April 24, 2026; and April 27, 2026, without a response.

### I.    Certification

Undersigned counsel for Defendant (after consultation with its client) certifies that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their client.

## II.    Jurisdiction

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is predicated on complete diversity of the parties with an amount in controversy in excess of $75,000.00. Plaintiff Michael Iannone ("Plaintiff") commenced this action in the Connecticut Superior Court. Defendant Bridgestone Retail Operations, LLC ("Defendant") removed the action to the District of Connecticut, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In accordance with 28 U.S.C. § 1332(a)(1), the amount in controversy exceeds $75,000.00, and Plaintiff and Defendant are citizens of different states. The Court's subject matter jurisdiction is proper.

### B. Personal Jurisdiction

Defendant is not contesting personal jurisdiction.

## III.    Brief Description of Case

### A. Claims of Plaintiff:

Plaintiff alleges that he was injured in a single-car accident that occurred on Route 8 in Watertown, Connecticut on May 12, 2025 involving a motor vehicle allegedly serviced by Defendant. Specifically, Plaintiff alleges that the vehicle failed, struck an embankment and rolled over, causing injuries to his head, neck, left arm, and back, as well as mental distress.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant:

Defendant denies all claims, and assert comparative negligence and failure to mitigate against Plaintiff among other defenses.

## IV.    Statement of Undisputed Facts

Counsel for Defendant certifies that they have made a good faith attempt to convene a conference to determine whether there are any material facts that are not in dispute.

## V.    Case Management Plan:

### A. Initial Disclosures

Initial disclosures will be served by Monday, May 25, 2026.

### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before

entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C. Early Settlement Conference

1.  Defendant certifies that it has considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be facilitated by use of the following procedure: informal settlement negotiation and/or mediation.
2.  The parties do not request an early settlement conference. The parties will jointly advise the Court if they seek a settlement conference after preliminary discovery.
3.  The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.
4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiff's position**

N/A.

**Defendant's Position (if different):**

Phased discovery is preferable because the parties may consider ADR after fact discovery is completed.

b. The parties anticipate that discovery will be needed on the following subjects:

Plaintiff's anticipated discovery:

• Control, possession and management of the Firestone; and
• Maintenance and service of Plaintiff's vehicle.

3

Defendant's anticipated discovery:

- Circumstances surrounding Plaintiff's alleged incident;
- Causation of Plaintiff's alleged incident;
- Inspection of Plaintiff's vehicle;
- Issues concerning any pre-existing conditions;
- Plaintiff's medical treatment;
- Plaintiff's employment; and
- Plaintiff's damages.

The parties reserve the right to object to discovery.
The parties reserve the right to conduct discovery on non-enumerated issues as they present.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced as soon as practicable and completed (not propounded) by Friday, February 19, 2027.

d. Discovery will be conducted in phases:

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: fact discovery by Friday, October 16, 2026 and expert discovery by Friday, February 19, 2027. The parties request a status conference at the end of February 2027.

f. The parties anticipate that Plaintiff(s) will require a total of 1-5 depositions of fact witnesses and that Defendant(s) will require a total of 1-5 depositions of fact witnesses. The depositions will commence as soon as practicable and be completed by Friday, October 16, 2026.

g. To the extent that the parties require interrogatories or production requests exceeding 25 in number, they will seek leave of court.

h. Plaintiff intends to call expert witnesses at trial. Defendant intends to call expert witnesses at trial.

i. The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiff will designate his experts by Monday, November 16, 2026. Defendant will designate their experts by Friday, December 18, 2026. Depositions of Plaintiff's experts will be completed by Monday, January 18, 2026. Depositions of Defendant's experts will be completed by Friday, February 19, 2027.

j. A damages analysis will be provided by any party who has a claim or counterclaim for damages by Monday, November 16, 2026.

4

k. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties believe that only minimal electronically stored information will be implicated, if any. The parties agree to follow Fed. R. Civ. P. 34 for the preservation, disclosure and management of electronically stored information.

l.  Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to follow all necessary procedures for the preservation, disclosure and management of such information.

m. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to utilize Fed. R. Civ. P. 26(b)(5) for the purpose of claiming privilege or protecting trial preparation materials.

### F. Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: not applicable at this time.

### G. Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before 30 days after the close of discovery.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days of the trial.

### VI.    TRIAL READINESS

The case will be ready for trial by Monday, August 23, 2027 or thirty days after the decision on a dispositive motion, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

DEFENDANT
BRIDGESTONE RETAIL OPERATIONS, LLC
By its attorneys

_Ben Levites_____

Benjamin H. Levites, ct30481
Kevin J. O'Leary, ct30271
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically and via first class mail, postage prepaid, to all counsel of record on Monday, April 27, 2026.

_Ben Levites_____
Benjamin Levites