**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MICHAEL IANNONE,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:25-cv-02091-KAD** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIDGESTONE RETAIL OPERATIONS, LLC,** | : | |
| **Defendant.** | : | **OCTOBER 12, 2026** |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE (ECF 17)**

The Plaintiff Michael Iannone, by and through his newly appeared counsel, respectfully submits this response to the Court's Order to Show Cause dated September 22, 2026 directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the reasons below, Plaintiff respectfully requests that the Court find that the sanction of dismissal is not warranted under the facts of this case and permit the action to proceed.

## I. PRELIMINARY STATEMENT

This case arises out of injuries sustained by the plaintiff in a motor vehicle accident which occurred on May 12, 2025 where the vehicle he was operating crashed on Route 8 in Watertown, Connecticut . As set forth in the operative complaint, the plaintiff's claims sound in negligence and allege, inter alia, that the defendant negligently serviced and inspected the vehicle operated by the plaintiff, resulting in the subject crash.

On December 15, 2025, the defendant removed this action to federal court on diversity grounds. ECF 1. Given that the action was initially filed in Connecticut Superior Court, plaintiff's former counsel's appearance was lodged on the docket. The defendant answered the

Complaint on February 3, 2026. ECF 10. On April 27, 2026, the defendant filed a Rule 26f report, indicating that attempts to reach former plaintiff's counsel for input regarding the same had been unsuccessful. ECF 12. In response to same, the Court reviewed the proposed report and indicated that the CMEFCF/PACER information on the docket did not match those on the summons and complaint at the time of removal. ECF 13. The Court directed the Clerk to contact former plaintiff's counsel to correct this issue forthwith. Id.

Thereafter, in response to a request for a status conference on September 14,2026, the Court issued the present order to show cause, ordering the plaintiff to show cause why the matter should not be dismissed with prejudice for failure to prosecute under Rule 41. ECF 17.

Plaintiff has since retained new counsel, who has appeared contemporaneously with the filing of this submission. The undersigned has reviewed the docket, and stands ready to move this case forward expeditiously. The delays and noncompliance in this case are not attributable to the plaintiff himself and such, the plaintiff submits that the harsh sanction of dismissal is not warranted under the circumstances presented here. See, Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014). As set forth herein, each of the five factors the Second Circuit requires the Court to weigh militates against the ultimate sanction of dismissal.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Unless the court specifies otherwise, such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Because of that preclusive effect, "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations.'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (quoting Theilmann v. Rutland Hosp., Inc., 455

F.2d 853, 855 (2d Cir. 1972)). It is "reserved for use only in the most extreme circumstances." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 251 (2d Cir. 2004).

The Second Circuit has set out a well established standard for determining when dismissal for failure to prosecute may be proper. Courts in this Circuit examine five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste, 768 F.3d at 216 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No one factor is dispositive" and a Court "must review the dismissal in light of the record as a whole." Drake, 375 F.3d at 254. Because dismissal is the "harshest of sanctions," it must be preceded by "particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." Baptiste, 768 F.3d at 216–17 (internal quotation marks omitted).

Indeed, even in the analogous context of Rule 37, dismissal has been upheld as an appropriate sanction only in cases "where the party has acted wilfully or in bad faith in disregarding a court's discovery order — especially if the party was warned previously that noncompliance with discovery orders could lead to dismissal and/or if the party's noncompliance caused serious delay." Georgiadis v. First Bos. Corp., 167 F.R.D. 24, (S.D.N.Y. 1996); see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).

## III. ARGUMENT

### A. The Failure To Prosecute Is Not Due To Any Delay Or Inaction On Behalf Of The Plaintiff

The delays in this litigation have not been occasioned by the plaintiff. Although the precise reason for predecessor counsel's delays in prosecution are unclear, it appears to stem from difficulties in receiving communication and correspondence related to outdated CMECF/PACER information, as well as personal medical issues. While the docket reveals that there has been some delay in the proper prosecution of this matter, these delays in responding to discovery, initial disclosures, and the discovery process are through no fault of the plaintiff himself and are amenable to rectification moving forward.

The Second Circuit has recognized that where the fault for a failure to prosecute lies with counsel rather than with an unknowing client, the district court should be especially reluctant to impose the ultimate sanction of dismissal and should instead consider lesser sanctions. See Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996) ("…the more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction…"). In this regard, counsel's apparent technological and medical difficulties do not represent the kind of "extreme circumstances" that warrant extinguishing a litigant's claims on the merits. Drake, 375 F.3d at 251. That is particularly so where, as here, Plaintiff has acted promptly to replace counsel and cure the problem as soon as he became aware of it. The plaintiff submits that the prejudice of dismissal, which is the most severe sanction that might be levied against the plaintiff in this matter, should not be imposed on the plaintiff for circumstances he neither caused nor knew of.

### B. Each Of The Five Baptiste Factors Weighs Against Dismissal.

#### 1. The Duration of the Failure to Comply

The first factor asks not merely how long the delay lasted, but whether the failures to prosecute were those of the plaintiff and whether they were of significant duration. Drake, 375

F.3d at 255. As aforesaid, the delays in the litigation have not been occasioned, caused, or prompted due to the plaintiff himself. In terms of whether the delays were of "significant duration," review of the docket reveals that as it pertains to the Rule 26f case management report, said report was due to be filed on April 20, 2026 and it appears that there has been no substantive progress in terms of discovery since that time. From the docket, it is apparent that the Court suspected that former counsel's information was not updated in PACER on April 27, 2026.

While the undersigned would concede that there has been some delay in prosecuting this matter, several factors weigh against this factor. First, while the delay appears to have spanned several months, this case is still well within the two year statute of limitations period applicable to a negligence claim in Connecticut. Furthermore, in light of the ongoing treatment and procedures that the plaintiff has undergone to date, the undersigned submits that even had the case proceeded under the 26f, in light of the plaintiff's injuries and pending surgical interventions, discovery would still be ongoing and as such, this factor weighs against dismissal.

**2. Notice That Failure to Comply Would Result in Dismissal**

The second factor under Baptise requires that dismissal 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" Baptiste, 768 F.3d at 216–17. In the present matter, the first notice the plaintiff has had of a potential dismissal was recently shortly before the securement of new counsel. The subject order has set a deadline to respond, by way of a show cause order. This is not a situation where the plaintiff himself has been subject to multiple or recurring warnings or notice that dismissal of his case would enter should there be continued delays.

The present Order is, in practical effect, the first notice that has actually reached plaintiff that his case is at risk of dismissal. Plaintiff has responded to that notice immediately — by retaining new counsel and filing this response. That is the opposite of the persistent, warned-against noncompliance that justifies dismissal. The plaintiff submits that this factor weighs heavily against dismissal.

**3. Prejudice to Defendant**

While prejudice resulting from unreasonable delay may sometimes be presumed, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." Drake, 375 F.3d at 256 (quoting Lyell Theatre, 682 F.2d at 43). In this regard, this factor requires a court to determine whether the defendants are "likely to be prejudiced by further delay." Id. (emphasis added).

The plaintiff would submit that there is no prejudice to permitting this matter to proceed. Should the Court so allow, the plaintiff is ready to conduct a Rule 26f conference immediately and is currently undertaking steps to provide initial disclosures and comply with written discovery. Indeed, the ongoing and continuing nature of the plaintiff's medical treatment further militates against any prejudice as the defendant will be able to conduct a complete deposition with the benefit of a full medical record. Even if some prejudice were to be identified, any such prejudice can be fully addressed by an appropriate schedule going forward. Again, the matter is still well within the two year statute of limitations. This factor weighs against dismissal.

**4. The Court's Interest in Managing Its Docket Versus Plaintiff's Right to Be Heard**

Under the fourth factor, the Court must consider whether a party's delay has "impacted the trial calendar or otherwise impeded the court's work." Drake, 375 F.3d at 257. The Second Circuit has distinguished between delays that are "silent and unobtrusive" and those that are

"vexatious and burdensome." Baptiste, 768 F.3d at 218. In this regard, "the district courts' need to manage efficiently a congested docket must be balanced against the plaintiff's right to due process" Jackson v. City of New York, 22 F.3d 71, 76 (2d Cir. 1994). In this regard, "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas v. Miles, 84 F.3d 532, 535–36 (2d Cir. 1996). The delay here was the quintessentially "silent and unobtrusive" kind. Plaintiff did not flood the docket with frivolous filings, disrupt a trial date, or consume judicial resources through obstructive conduct. The undersigned submits that this interest decisively outweighs docket-management concerns.

**5. Availability of Sanctions Less Drastic Than Dismissal**

Finally, lesser measures are readily available. The Court's examination of lesser sanctions must be explicit and thorough, rather than a mere allusion to the possibility of lesser sanctions. Martens v. Thomann, 273 F.3d 159, 182 (2d Cir. 2001). In evaluating this factor, courts look to whether "the district court has the means to move this case forward efficiently without the cudgel of extreme sanctions," either through the setting of reasonable deadlines or motion practice. Baptiste v. Sommers, 768 F.3d 212, 219 (2d Cir. 2014).

In the present matter, this factor is met. The convening of a new Rule 26f report would alleviate any delay and the undersigned is prepared to proceed expeditiously with this matter should the Court so allow. Given that the plaintiff shares no blame in the delays that have been occasioned by the difficulties of his former counsel's PACER account, the undersigned would submit that no sanction is warranted under the circumstances. To the extent that the Court disagrees, the plaintiff would respectfully request that any such sanction be minor and proportional to the delay occasioned by predecessor counsel.

### C. The Baptiste Factors Weigh In Favor Of Finding That The Plaintiff Has Demonstrated Cause That He Should Not Be Sanctioned Under Rule 41

Viewing "the record as a whole," Drake, 375 F.3d at 254, this is not one of the "most extreme circumstances" for which dismissal is reserved. Id. at 251. As such, the plaintiff would respectfully request that the Court find that the plaintiff has demonstrated that this matter should not be dismissed with prejudice. To that end, the plaintiff would respectfully request that the Court order an amended Rule 26(f) report and proposed scheduling order. This will ensure that the matter proceeds through discovery in an efficient manner without the drastic and irreversible step of dismissal. Undersigned counsel is prepared to prosecute this action diligently. Plaintiff respectfully asks that he be given the opportunity to do so.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court discharge the Order to Show Cause, decline to dismiss this action under Rule 41(b), and schedule a status conference or order the submission of an amended scheduling order so that this case may proceed promptly to resolution on the merits. In the alternative, should the Court determine that some sanction is warranted, Plaintiff respectfully requests that the Court impose a measure less drastic than dismissal, and that any dismissal allow the plaintiff to pursue this matter to completion.

THE PLAINTIFF,
MICHAEL IANNONE

*/s/ Brendan K. Nelligan*

Brendan K. Nelligan, Esq.
Federal Bar No. ct30224
Kennedy, Johnson, Schwab & Roberge, P.C.
545 Long Wharf Drive, Suite 304
New Haven, CT 06511
Tel: (203) 865-8430
bnelligan@kennedyjohnson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2026, a copy of the foregoing Notice of Appearance was filed electronically and served by electronic mail and first-class mail, postage prepaid, upon all counsel of record:

Kevin J. O'Leary, Esq. (ct30271)
Benjamin H. Levites, Esq. (ct30481)
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
koleary@coughlinbetke.com
blevites@coughlinbetke.com
Counsel for Defendant

Maria A. Cahill, Esq.
Mills & Cahill, LLC
One Whitney Avenue, Suite 201
New Haven, CT 06510
maria.cahill@millscahill.com
Prior Counsel for Plaintiff

/s/ Brendan K. Nelligan
Brendan K. Nelligan, Esq.