UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICHAEL IANNONE,
*Plaintiff*,
v.
BRIDGESTONE RETAIL OPERATIONS, LLC — 3:25-cv-02091-KAD
*Defendant* — Friday, October 16, 2026

**OBJECTION TO RESPONSE TO ORDER TO SHOW CAUSE**

Defendant Bridgestone Retail Operations, LLC hereby objects to the plaintiff's response to the Court's Order to Show Cause why this matter should not be dismissed with prejudice for failure to prosecute. ECF No. 20. Plaintiff has done nothing to prosecute this case or follow the Court's Orders since it was removed to this Court over ten months ago. Plaintiff did not initiate the Rule 26 conference as required under the Local Rule, nor participate in the conference when ordered to do so by the Court, ECF No. 11; did not prepare or comment upon the Rule 26(f) report when ordered, *id.*; did not make timely initial disclosures; did not respond to Bridgestone's interrogatories or requests for production; did not respond to Bridgestone's request for a status conference to discuss his failure to prosecute; and did not attend the conference as ordered by the Court. Over the last ten months, Bridgestone has repeatedly contacted plaintiff's counsel and plaintiff's son, a paralegal at the firm, by phone and email concerning this case, *see* ECF No. 12, 14, without a response. Plaintiff's new co-counsel, who has served as his workers compensation counsel since January, claims that the failure to prosecute was somehow due to counsel's failure to update CMECF/PACER information, but counsel updated that information after being directed to do so by the Court. ECF 13. Plaintiff has not shown why this case should not be dismissed with prejudice. It should be dismissed under Rules 41(b), 37(d), 16(f) and Local Rule 41(a).

## BACKGROUND

### I. Plaintiff has failed to prosecute this case since it was filed

Since Bridgestone's removal on December 15, 2025–over ten months ago–plaintiff has taken no action whatsoever in this case. After removal, plaintiff took no steps to convene the Rule 26 conference. *See* L.R. 26(f) ("The conference ordinarily shall be initiated by plaintiff"). Nevertheless, on January 29, 2026 and February 23, 2026, Bridgestone called plaintiff's counsel to discuss the rule 26(f) conference and report. ECF No. 12 at 1. Plaintiff never responded.

On April 9, 2026, the Court ordered the parties to file the overdue Rule 26(f) report. ECF No. 11. Plaintiff took no steps to convene the Rule 26(f) conference, participate in the Rule 26 conference, or prepare the report. On April 23, 24, 26, and 27, 2026, Bridgestone called and emailed plaintiff's counsel and plaintiff's son, a paralegal at plaintiff's counsel's law firm, concerning the Rule 26(f) conference and a draft report. Plaintiff never responded.

On July 24, 2026, Bridgestone served its initial disclosures, interrogatories, requests for production, and a notice of the plaintiff's deposition. Bridgestone called and emailed about the discovery requests, plaintiff's deposition, and request to meet-and-confer as required under Rule 37 and Local Rule 37 on August 25, 2026, August 31, 2026, September 4, 2026, September 8, 2026, and September 14, 2026. Plaintiff never responded.

On September 14, 2026, Bridgestone moved to request a status conference to discuss the plaintiff's outstanding discovery under Rule 37 and Local Rule 37, and failure to prosecute under Rule 41 and Local Rule 41. ECF No. 14. Plaintiff never responded.

On September 17, 2026, the Court ordered that the parties attend a telephonic status

conference on September 22, 2026. ECF No. 15, 16. Plaintiff failed to appear at the conference or otherwise communicate with the Court. *See* ECF No. 17.

**II. Bridgestone repeatedly contacted plaintiff's counsel and plaintiff's son**

In addition to CM/ECF, counsel for the defendant directly served operative documents in this case on plaintiff's counsel by email to maria.cahill@millscahill.com and pleadings@millscahill.com, including the following: [1] the notice of removal on December 15, 2025; [2] a letter of preservation on December 15, 2025; [3] the Notice re: Disclosure Statement, Notice of Removal, Order on Pretrial Deadlines, Electronic Filing Order, and Standing Protective Order per the Court's Order, ECF No. 8, on December 24, 2025; [4] the draft 26(f) Report on April 23, 2026; [5] the filed 26(f) report on April 27, 2026; and [6] the initial disclosures, interrogatories and requests for production, and notice of deposition on July 24, 2026. ECF Nos. 12, 14. Plaintiff never responded.

Additionally, and significantly, counsel for the defendant copied on correspondence concerning this case plaintiff's son Zachary Iannone, a paralegal at plaintiff's counsel's office, by email to zachary.iannone@millscahill.com, concerning: [1] the draft 26(f) report on April 23, 2026; [2] the filed 26(f) report on April 26, 2026; [3] the initial disclosures, interrogatories and requests for production, and notice of deposition on July 24, 2026; [4] the outstanding discovery and request to meet-and-confer under Rule 37 on August 25, 2026; August 31, 2026; September 4, 2026; September 8, 2026 and September 14, 2026; and [5] the motion for status conference. ECF Nos. 12, 14. Plaintiff never responded.

Finally, counsel for the defendant called plaintiff's counsel's office concerning the 26(f) report on January 29, 2026; February 23, 2026; April 23, 2026, April 24, 2026; and April 27,

2026. ECF No. 12 at 1. Counsel for defendant called plaintiff's counsel concerning the outstanding discovery and to meet-and-confer on August 25, 2026; August 31, 2026; September 4, 2026; September 8, 2026; and September 14, 2026. ECF No. 14 at 1.

Plaintiff never responded.

**III. Plaintiff's counsel did update her CMECF/PACER information and received notices**

On April 27, 2026, in response to the Rule 26(f) report stating that the conference could not be convened, the Court directed the clerk to contact plaintiff's counsel and instruct her to update her CM/ECF Pacer contact information. ECF No. 13. Plaintiff's counsel thereafter did so. See Notices of Electronic Filing re: ECF No. 14 (electronically mailed to maria.cahill@millscahill.com), 15 (same), 16 (same), 17 (same).

**IV. Plaintiff has not shown why this matter should not be dismissed with prejudice**

On September 22, 2026, the Court issued an order to show cause by written submission why this matter should not be dismissed with prejudice for failure to prosecute by October 14, 2026. ECF No. 17. On October 12, 2026, at 4:40 PM–shortly before the expiry of the Court's deadline, and 308 days after the plaintiff last took any action whatsoever in this case–another attorney entered an appearance in addition to, not in lieu of, plaintiff's original counsel. ECF No. 19. Plaintiff's new co-counsel has represented plaintiff in workers compensation proceedings related to the accident that is the subject of this case since at least January 20, 2026. *See* Notice of Claim, *Iannone, Michael J. vs. AA Drywall & Acoustics,* Claim Number: 500183365 (Waterbury Wrk. Comp. Jan. 20, 2026).

At the same time, Plaintiff's new co-counsel filed a response to the Court's Order. Significantly, Plaintiff concedes that he failed to prosecute the case. ECF No. 20 at 2, 4, 5.

Plaintiff insists however that the failure to prosecute is not due to his inaction or delay, ECF No. 20 at 3-4, despite the fact that his own son was aware of it all along. Plaintiff further alleges that his failure to prosecute was attributable to his counsel's "difficulties in receiving communication and correspondence related to outdated CMECF/PACER information," ECF No. 20 at 4, 5, 7, although Bridgestone called, wrote, and served plaintiff's counsel and plaintiff's son throughout the case, and, in any event, plaintiff's counsel actually **did** update her CMECF/PACER information when directed to do so by the Court. Because the plaintiff has not shown why this matter should not be dismissed with prejudice, the Court should enter an order doing so under Rule 41 and Local Rule 41.

## LEGAL STANDARDS

### I. Dismissal for failure to prosecute under Federal Rule of Civil Procedure 41

In evaluating dismissal under Rule 41(b), the Court considers five principal factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co*., 186 F.3d 186, 193-94 (2d Cir. 1999). *citing Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d 482, 485d (2d Cir. 1994). "Generally, no one factor is dispositive" and "a district court is not required to discuss each of the factors on record." *Id.*

Under Local Rule of Civil Procedure 41(a), "In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel

of record and self-represented parties, if any. If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty-one (21) days thereafter, the Clerk shall enter an order of dismissal."

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R. Co*., 370 U.S. 626, 633-34 (1962) (affirming Rule 41 dismissal for failure to appear at pretrial conference) (citation omitted).

**II. Dismissal and sanctions under Federal Rule of Civil Procedure 37 and 16**

"There is little distinction whether the dismissal is technically made under Rule 41 or Rule 37." *Peters-Turnbull v. Bd. of Educ*., 7 F. App'x 107, 110 (2d Cir. 2001), citing *Lyell Theatre Corp v. Loews Corp*., 682 F.2d 37, 42 (2d Cir. 1982) (affirming dismissal under both Rule 37 and Rule 41). In addition to compelling discovery, Federal Rule of Civil Procedure 37 further expressly authorizes the imposition of just sanctions on a party who fails after being served with interrogatories or requests for production, to serve answers, objections, or written responses. F.R.C.P. 37(a)(3)(B)(i)-(iv), (d)(1)(A)(ii). Those sanctions include compelling responses, dismissing proceedings, prohibiting the disobedient party from supporting his claims, striking pleadings, and ordering the disobedient party or its attorney to pay the reasonable expenses, including attorney's fees, caused by the failure to comply. F.R.C.P. 37(d)(3).

In determining the appropriate sanction for a failure to respond to a discovery request, the Court should consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013).

"In addition, Federal Rule of Civil Procedure 16(f) authorizes a district court to impose sanctions on a party who: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling order or other pretrial order. Such sanctions may include dismissal of the underlying action." *Martin v. Mejias*, 2020 U.S. Dist. LEXIS 119582, at *3 n.1 (D. Conn. July 8, 2020) (Dooley, J.) (Rule 41 dismissal) (quotations omitted), *citing* Fed. R. Civ. P. 16(f)(1); *Carter v. Jablonsky*, 121 Fed. Appx. 888, 889 (2d Cir. 2005). Dismissal under Rule 16(f) is reviewed under the Rule 37 standards. *Carter, supra* at 889.

## ARGUMENT

### I. Plaintiff chose his counsel and was aware of and contributed to the failure to prosecute

As an initial matter, plaintiff's "argument that the failure to prosecute during that time was caused by incapable previous counsel has no merit." *In re Air Crash Disaster off the Coast of Nantucket Island*, 2010 U.S. Dist. LEXIS 30075, at *26 (E.D.N.Y. Mar. 29, 2010) (Cogan, J.). Indeed, plaintiff chose his counsel, and "cannot escape responsibility for failing to prosecute his claim even if his attorney is the source of the delay." *Id., citing Europacific Asset Mgmt., Corp. v. Tradescape Corp.,* 233 F.R.D. 344 (S.D.N.Y. 2005) (Leisure, J.); *Chira v. Lockheed Aircraft Corp*., 634 F.2d 664, 666 (2d Cir. 1980) ("Absent a truly extraordinary situation, the client is not

excused from the consequences of his attorney's nonfeasance"); *see also Link, supra* at 633-634 ("Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney"). Further, if some other issue had precluded plaintiff's counsel's prosecution of the case, "the proper course of action would have been to inform the court of these concerns, not let the case languish." *Smalls v. Port Auth*., 120 F. App'x 396, 398 (2d Cir. 2005), *citing Chira, supra* at 667. Finally, even if plaintiff is somehow correct "that the fault for delay primarily lies with their counsel below, [his] remedy for such behavior is in an action for malpractice against [his] counsel." *Law Offices of Marcia E. Kusnetz, P.C. v. Richgat*, 783 F. App'x 11, 12 (2d Cir. 2019), *citing Link, supra* at 634 n.10; *see also Abu-Rub v. Jordanian Airlines, Inc.,* 2009 U.S. Dist. LEXIS 91195, at *15 n.2 (S.D.N.Y. Sep. 28, 2009) (Fox, J.) (same).

In any event, it bears emphasis that plaintiff was aware of and contributed to the failure to prosecute in this case. His son was a paralegal at the plaintiff's counsel's office and was copied on relevant correspondence from the outset of the case, so his insistence that he was an "unknowing client" are belied by the facts, which militate in favor of dismissal. Plaintiff's cited authority makes this clear. *See* ECF No. 20 at 4, *citing Dodson v. Runyon,* 86 F.3d 37, 40 (2d Cir. 1996) ("*Dodson I"*). In *Dodson I,* the Court "vacated the judgment of dismissal and remanded for explicit consideration of the relevant factors governing dismissals for failure to prosecute." *Dodson v. Runyon*, 97-6077, 1998 U.S. App. LEXIS 12938, at *2 (2d Cir. May 4, 1998) ("*Dodson II*"). On remand however, "the district court considered the relevant factors. It found that plaintiff was both aware of and contributed to the lack of action in this case and hence

shared complicity with his counsel for the failure to prosecute." *Dodson II*, *supra* at *2 (quotations omitted). The Court again dismissed the action for failure to prosecute, and that dismissal was upheld on appeal. *Id.* There, as here, the plaintiff was aware of the failure to prosecute and hence shared of complicity with his counsel. Accordingly, the same result should obtain, and the case should be dismissed. *See also Europacific, supra* at 355 ("plaintiff's counsel is not alone at fault for the delay in the case" in view of plaintiff's failure to communicate with counsel); *Thomas v. Cty. of Suffolk*, 2010 U.S. Dist. LEXIS 136846, at *6-7 (E.D.N.Y. Dec. 28, 2010) (Edelstein, J.) (same).

**II. Since December 15, 2025, Plaintiff has failed to comply with this Court's Orders**

This case was removed to this Court on December 15, 2025. The plaintiff has taken no action whatsoever since that time–not affirmatively, not in response to Bridgestone's discovery, and not in response to the Court's Orders, including to convene the Rule 26 conference and submit a report, and to appear for a duly notice conference. ECF Nos. 11, 16. On June 15, 2026, after six months had passed with no action taken, the Clerk of the Court was required to give notice of a proposed dismissal to counsel of record, and, if no satisfactory explanation was submitted, enter an order of dismissal entered twenty-days thereafter, on July 6, 2025. L.R. 41(a). The plaintiff's case should have been dismissed at that time, and for this reason alone, the dismissal should enter. However, the plaintiff was afforded than three months further time to take any action in the case–and never did. The result here should be no different; the case should be dismissed.

Further, the plaintiff's total nonappearance and failure to prosecute for a period of ten months, including discovery and conferences, is significant; District Courts including this Court

have dismissed, and the Second Circuit has upheld dismissals, for less. *See Aesthetic v. State Farm Fire & Cas. Co.,* 2024 U.S. Dist. LEXIS 59927, at *10 (E.D.N.Y. Mar. 29, 2024) (Kuo, J.) (dismissal where "Plaintiff has not appeared in the case for approximately ten months"); *Anderson v. Splendid Hosp. Grp., LLC*, 2026 LX 522241, at *3 (E.D.N.Y. Sep. 21, 2026) (Brodie, J.) (dismissal for failure to prosecute for ten months); *Cabrera v. RLB USA Safety & Hardware Inc*., 2024 U.S. Dist. LEXIS 106549 at *3-4 (E.D.N.Y. June 14, 2024) (Choudhury, J.) (same); *Martin, supra* at *2 (dismissing after 7 months of failure to prosecute) *Kenny v. Potter,* 2011 U.S. Dist. LEXIS 13690, at *3 (E.D.N.Y. Jan. 24, 2011) (Azrack, J.) (dismissing after "six months of inactivity on the docket"); *Chira, supra,* at 666 (affirming same); *Thomas, supra* at *7 (dismissal where plaintiff had "not taken any action in this case or communicated with the Court or defendants' counsel for approximately four months"); *Taylor v. My People Cmty. Servs.,*2025 LX 213803, at *18-19 (D. Conn. July 11, 2025) (Oliver, J.) (dismissal for failure to prosecute after three months of noncompliance); *Shukla v. Deloitte Consulting LLP*, 2021 U.S. Dist. LEXIS 137943, 2021 WL 3159759, at *5 (S.D.N.Y. July 23, 2021) (Aaron, J.) (same); *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (affirming same). That the statute of limitations has not run, or that the plaintiff may require additional medical care (in a case where he has alleged 29 specifications of injury and the need for future surgeries and hospitalization, *see* ECF no. 1-1 at 4-5), is of no moment to plaintiff's significant delay of ten months in this case. *See* ECF No. 20 at 5. The same result should obtain here. The case should be dismissed.

### III. Plaintiff has given no satisfactory explanation for the failure to prosecute

Importantly, plaintiff concedes that he received notice that the case would be dismissed by way of the Court's Order to Show Cause, consistent with the law of this Circuit. ECF No. 20 at 5; *see also Shannon, supra* at 193. However, the response submitted at nearly the end of the twenty-one days afforded plaintiff did not comply with the Court's Show Cause Order, ECF No. or with Local Rule 41(a), which required the plaintiff to provide a "satisfactory explanation" as to why this matter should not be dismissed with prejudice for failure to prosecute. "Whether plaintiff's unreasonably lengthy delays in this case are nonetheless excusable thus turns on whether plaintiff has offered bona fide reasons or explanations for those delays." *Europacific, supra* at 352. "[H]owever, plaintiff here has failed to produce any such reasonable explanations." *Id.* Specifically, plaintiff's proffered explanations, at the eve of dismissal, are speculative and contrary to the law and the facts of the case.

First, plaintiff attempts to put the blame for the failure to prosecute on his original counsel, despite the fact that the "argument that the failure to prosecute during that time was caused by incapable previous counsel has no merit." *In re Air Crash Disaster off the Coast of Nantucket Island*, *supra* at *26. Even if this were a meritorious line of argument as a matter of law, plaintiffs speculative attribution of cause of the failure to prosecute–guessing only that it "**appears** to stem from difficulties" in receiving communications–is incorrect. ECF No. 20 at 4 (emphasis added). Counsel received, and ignored, numerous communications from Bridgestone. Further, counsel actually did update her CMECF/PACER information when prompted by the Court, but still proceeded to ignore the notices, including for a conference to discuss the non prosecution of the case. Finally, counsel has ignored every single phone call, email, discovery,

notice, and rule since the outset of the case, dating back to Bridgestone's attempts to convene the Rule 26 conference in January 2026, one month after removal. If counsel had some other issue that precluded prosecution of the case in the last ten months, "the proper course of action would have been to inform the court of these concerns, not let the case languish." *Smalls*, *supra* at 398, *citing Chira, supra* at 667. None of the proffered explanations as to plaintiff's counsel actually explains why plaintiff made no effort to initiate the Rule 26 conference, participate in the Rule 26 process when ordered to do so, respond to duly served discovery requests and sit for a duly noticed deposition, or appear at the conference to discuss his failure to prosecute. *See Boyd v. Larregui,* 2021 U.S. Dist. LEXIS 221731, at *5 (D. Conn. Nov. 17, 2021) (Merriam, J.) (reciting demonstrate pattern of plaintiff's failure to prosecute this case).

Second, plaintiff claims that he was an "unknowing client" who "acted promptly to replace counsel and cure the problem" and "shares no blame" are also incorrect. ECF No. 20 at 4. As set forth above, plaintiff's son, a paralegal at counsel's firm, was copied on correspondence throughout the case. The notion that plaintiff himself was unaware of the delays and failure to prosecute stretches credulity. Indeed, the fact that plaintiff himself has participated actively, represented by the same firm serving as new co-counsel in this case, in his workers compensation case, for the exact same period of time as this case has languished, further supports this conclusion. In that matter, *Iannone, Michael J. vs. AA Drywall & Acoustics,* Claim Number: 500183365 (Waterbury Wrk. Comp.), plaintiff has produced medical records, submitted to independent medical examinations, exchanged expert reports, and even sat for a deposition. Yet, here, he claims, in spite of all evidence to the contrary, that he was unaware of his obligations to conduct a Rule 26 conference, file a Rule 26 report, produce initial disclosures,

respond to Bridgestone's interrogatories and requests for production, sit for Bridgestone's duly noticed deposition, and attend the duly noticed conference concerning his non-prosecution.

Simply, plaintiff's efforts to comply with the Order, "like those preceding the issuance of that Order, are unsatisfactory and have failed to advance the case in any meaningful way." *Europacific Asset Mgmt. Corp.*, *supra* at 353 (dismissing under Rule 41 notwithstanding plaintiff's "feeble" attempt to respond to Court's Order). The case should be dismissed.

**IV. Prejudice from plaintiff's unreasonable delay is presumed as a matter of law**

As set forth in the foregoing. Plaintiff's neglect was neither moderate nor excusable, and prejudice is therefore presumed "in light of Plaintiff's failure to move the case forward." *Aesthetic, supra* at *10 (finding prejudice after 10 months of nonappearance by plaintiff as in this case), *citing Kenny, supra* at *3 ("because plaintiff has a duty of due diligence to move her case forward, and has failed to do so, prejudice to the defendants may be presumed") (finding prejudice after six months of inactivity on the docket); *citing Lyell, supra* at 42; *see also Boyd, supra* at *6-7 (same), *quoting Martin, supra* at *2; *Messenger v. United States,* 231 F.2d 328, 331 (2d Cir. 1956) ("The operative condition of the Rule is lack of due diligence on the part of the plaintiff–not a showing by the defendant that it will be prejudiced by denial of its motion."). Plaintiff has failed to rebut this presumption at all or establish that the failure to prosecute was excusable, again only pointing to the fact that the plaintiff may require additional medical care (in a case where he has alleged 29 specifications of injury and the need for medical care ant treatment into the future, including surgeries and hospitalization, see ECF no. 1-1 at 4-5). This has no relevance to the prejudice to Bridgestone' by plaintiff's failure to prosecute this case. See ECF No. 20 at 5.

Further, even if prejudice was not somehow presumed, Bridgestone was prejudiced in fact, in view of plaintiff's unreasonable and inexcusable delay. First, because plaintiff has flouted all discovery requirements and requests, Bridgestone "has not had a full and fair opportunity to investigate Plaintiff's claims and complete discovery." *Taylor, supra* at *22 (finding prejudice after four months of noncompliance) (collecting cases). Second, "not only has Plaintiff's noncompliance delayed the proceedings, but [Bridgestone] has also incurred litigation costs as a result." *Id.*; *see also Boyd, supra* at *6-7 ("the Defendants have faced prejudice by incurring attorney time to defend a case that the Plaintiff is not prosecuting."), *quoting Martin, supra*, at *2 (D. Conn. July 8, 2020) (Dooley, J.). Third, "[t]he time and effort spent in contacting Plaintiffs' counsel, and the time that has lapsed since the suit first began in state court, both suggest that Defendant has suffered from prejudice caused by Plaintiffs. Memories fade, witnesses disappear, and time is costly." *Paulidor v. Hemphill's Horses*, 2023 LX 118395, at *11-12 (D. Conn. Aug. 2, 2023) (Williams, J.). Bridgestone has been prejudiced by plaintiff's inexcusable failure to prosecute, and the case should be dismissed.

**V. Plaintiff has had 10 months to be heard and file anything, and failed to do so**

The plaintiff's significant delay evidenced a disregard of the Court's interest in managing its docket–precipitating its order to convene the Rule 26 conference and file the corresponding report, ECF No. 12,–which plaintiff never did–and attend a conference concerning his failure to prosecute, ECF No. 16–which plaintiff did not attend. "As to the fourth factor, the Court's interest in managing its docket vis-à-vis the Plaintiff's interest in being heard," plaintiff has been allowed ten months "to be heard and to file anything other than a Complaint in this case and [has] failed to do so, despite other active pending cases on this Court's docket." *E. Coast Plast.*

*Surgery, P.C. v. Aetna Health & Life Ins. Co*., 2024 LX 203433, at *4-5 (D. Conn. Oct. 18, 2024) (Bolden, J.) (dismissal under Rule 41), *citing Hunter v. New York State Dep't of Corr. Servs.,* 515 F. App'x 40, 43 (2d Cir. 2013). "Balancing the Court's interest in managing its docket against Plaintiff's interest in a fair chance to be heard also weighs in favor of dismissal, in light of the numerous opportunities the Court has given Plaintiff to continue litigating this case." *Aesthetic, supra* at *10. Indeed, "the interest in alleviating docket congestion weighs in favor of closing a case that has stalled for more than four months due to plaintiff's failure to comply with court orders. Cabrera's failure to prosecute this case means that nothing has happened in this case for ten months. Accordingly, this factor cuts for dismissal." *Cabrera, supra* at *8 (collecting cases).

Indeed, plaintiff's nonappearance at the conference ordered to discuss his failure to prosecute is of particular relevance to this factor. *See Paulidor, supra* at *13 (finding "serious fault" where plaintiff's, at hearing to discuss plaintiff's noncompliance with discover, "despite sufficient notice from this court regarding the hearing, plaintiff's counsel inexplicably failed to appear"); *Mintz v. Mktg. Cohorts, LLC*, 2019 U.S. Dist. LEXIS 28764, at *7-9 (E.D.N.Y. Feb. 21, 2019) (Locke, J.) (finding failure to prosecute for failure to appear at conferences) (collecting cases); *Europacific, supra* at 351 ("plaintiff cannot avoid the consequences of its counsel's inability to attend the Court's scheduled conferences and proceed in a timely fashion"). On the other hand, plaintiff suggests that the Court should instead afford him the same deference as the pro se plaintiffs in *Baptiste v. Sommers*, 768 F.3d 212, (2d Cir. 2014) and *Lucas v. Miles*, 84 F.3d 532 (2d Cir. 1996), cases that involved pro se plaintiffs in respect of whom dismissal for failure to prosecute is specifically limited to cases "only when the circumstances are sufficiently extreme." ECF No. 20 at 7, *citing Baptiste, supra; Lucas, supra; see also Baptiste, supra* at 217

(limiting Rule 41 dismissals in *pro se* cases). The Court should instead manage its docket and dismiss this long-languishing case.

**VI. Lesser sanctions would be insufficient and unfair to Bridgestone**

"Lesser sanctions would not be effective because Plaintiff has failed to prosecute this case for over ten months." *Anderson, supra* at *4; *Mintz, supra* at *7 ("The Court further concludes that the lesser sanction of dismissal without prejudice is insufficient and would be unfair to Plaintiffs who have expended considerable time and expense in attending repeated court conferences for which Defendants failed to appear without explanation"); *E. Coast Plast. Surgery, P.C., supra* at *2 ("As to the fifth factor, consideration of less drastic measures, this Court has given notices to comply with the Local and Federal Rules as well as an opportunity to remedy compliance"), *citing S. New England Tel. Co. v. Global NAPs Inc*., 624 F.3d 123, 148 (2d Cir. 2010) ("[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record"). Further, where, as here, the plaintiff was aware of the lack of action in the case and "hence shared complicity with his counsel for failure to prosecute," a lesser sanction is not warranted. *See Dodson II, supra* at *2; *see also Europacific, supra* at 355 (same). The sanction of dismissal is necessary here, and the case should be dismissed.

For his part, the plaintiff maintains that there was no harm, no foul, and that there should be no sanctions of any kind. ECF No. 20 at 7. The plaintiff further claims he should simply be allowed to extend all the deadlines in this case, like the pro se in *Baptiste. Id.* And, if the Court were inclined to order sanctions, they should really be "minor." *Id.* What sanctions would be sufficiently minor, the plaintiff leaves the Court to guess.

As set forth above, dismissal is necessary in this case and alternative sanctions are insufficient. This is because of the significant failure to prosecute this case, the flouting of the Court's orders and Rules, and the fact that the delay was in actuality inexcusable. However, if the Court is inclined to pursue some lesser sanction–which, again, would be insufficient and unfair to Bridgestone–it must at a minimum be consistent with the plaintiff's conduct in the case: *First*, the plaintiff should be compelled to respond to Bridgestone's outstanding interrogatories and requests for production, which are long overdue, within 21 days. Bridgestone repeatedly sought to meet-and-confer concerning the outstanding discovery responses, plaintiff never responded. The plaintiff's actions should be considered deliberate in view of Bridgestone's repeated attempts to resolve the issue of the plaintiff's noncompliance. *Second*, the Court should direct the plaintiff to respond to Bridgestone's discovery without objections, which were never timely interposed. Under the circumstances presented here, the plaintiff has waived all objections to those requests. *Third*, the plaintiff should be required to sit for a deposition within 14 days of the discovery responses.

*Fourth,* the plaintiff should be held to the existing Rule 26(f) report, which he was required to initiate under the Local Rules and did not, and to which he was given an opportunity to comment and did not. The schedule therein contemplated the expiry of fact discovery on today's date, October 16, 2026. The plaintiff has waived the opportunity to promulgate fact discovery requests to Bridgestone, as he had ten months to do so and never did. Under the schedule, both parties will still have through February 19, 2027 to complete expert discovery in this matter. Additionally plaintiff has already compiled his medical records and retained experts in his workers compensation case, this should all proceed expeditiously.

*Fifth*, the Court should award reasonable attorney's fees as an additional sanction for the costs attributable to his failure to prosecute and noncompliance with the Rules, including the costs of repeatedly contacting plaintiff from the outset of this case without a response; unilaterally preparing and filing the 26(f) report; seeking to resolve the plaintiff's noncompliance by conferring with counsel; filing the request for and attending the status conference to address plaintiff's failure to prosecute; and the cost of replying to plaintiff's response to this Order to show cause.

**CONCLUSION**

"The primary rationale underlying dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently." *Lyell, supra* 43. Where a plaintiff has chosen his counsel voluntarily, he cannot "avoid the consequences of the acts or omissions of this freely selected agent." *Link*, *supra* at 633. Plaintiff admits that he failed to prosecute the action, did so for ten months, and that he had notice of the prospect of dismissal. His only proffered "satisfactory explanation" is to try and pin it on his prior counsel and her PACER account, although she received correspondence from Bridgestone and notices from the Court, and disclaim any knowledge of the issue, although his son worked at the firm and received all the same. Neither is availing and the Court must reject them. The case should be dismissed under Rules 41, 37, and 16.

Respectfully submitted,
DEFENDANT
BRIDGESTONE RETAIL OPERATIONS, LLC
By its attorneys

Benjamin H. Levites, ct30481
Kevin J. O'Leary, ct30271
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
koleary@coughlinbetke.com
blevites@coughlinbetke.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be sent electronically to all counsel of record on by CM/ECF and email on Friday, October 16, 2026 to:

Maria A. Cahill
Mills & Cahill LLC (423816)
One Whitney Avenue
Suite 201
New Haven , CT 06510
maria.cahill@millscahill.com
pleadings@millscahill.com
zachary.iannone@millscahill.com

Brendan K. Nelligan
Kennedy Johnson Schwab & Roberge PC
545 Long Wharf Drive
Suite 304
New Haven, CT 06511
bnelligan@kennedyjohnson.com

Benjamin Levites