**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MICHAEL IANNONE,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:25-cv-02091-KAD** |
| | : | |
| **v.** | : | |
| | : | |
| **BRIDGESTONE RETAIL OPERATIONS, LLC,** | : | |
| **Defendant.** | : | **OCTOBER 30, 2026** |

**AFFIDAVIT OF MICHAEL IANNONE IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO RESPONSE TO ORDER TO SHOW CAUSE**

I, Michael Iannone, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned action. I am over eighteen years old and believe in the obligations of an oath. The statements below are based on my personal knowledge.

2. I submit this affidavit to explain my knowledge of the delays in this action, my communications with my son, Zachary Iannone, and the relationship between this action and my workers' compensation claim.

3. I retained Attorney Maria Cahill from Mills and Cahill, LLC to represent me in the above-captioned action, which arises from an accident in which I was injured.

4. I retained Attorney Robert Schwab from Kennedy, Johnson, Schwab & Roberge, P.C., to represent me in a workers' compensation proceeding arising from the same accident.

5. At times relevant hereto, I understood that Attorney Cahill was responsible for handling the above-captioned lawsuit and that Attorney Robert Schwab was handling my workers' compensation claim.

6. My son, Zachary Iannone, is employed as a paralegal at Mills and Cahill, LLC.

7. Before the call described below, my son, Zachary Iannone, had not forwarded or shown me any correspondence from defendant Bridgestone Retail Operations, LLC's counsel and/or the Court concerning outstanding discovery, missed deadlines, and/or other failures to timely prosecute the above-captioned action. Nor did he discuss those matters with me or inform me that the above-captioned action faced dismissal.

8. I first learned of the failure to prosecute the above-captioned action and the resulting threat of dismissal during a telephone call on or about October 5 or 6, 2026.

9. The persons present on that call were me, Attorney Robert Schwab, and Attorney Brendan Nelligan.

10. Before that call on or around October 5 or 6, 2026, I did not know that the above-captioned action had stalled or that outstanding obligations required immediate attention. I believed Attorney Cahill was handling the above-captioned action on my behalf.

11. Before that call on or around October 5 or 6, 2026, I had not been informed by Attorney Cahill or my son, Zachary Iannone, that any request for information, deposition appearance, or other action required of me in the above-captioned action remained outstanding.

12. Before that call on or around October 5 or 6, 2026, I had asked my son on one or two occasions about the status of my civil matter and was told that Attorney Cahill was working on the matter.

13. I did not instruct Attorney Cahill or my son, Zachary Iannone, to disregard correspondence, withhold discovery responses, miss deadlines, or fail to attend scheduled court conferences. Nor did I authorize and/or agree to any strategy of delaying the above-captioned action.

14. In my workers' compensation case, I have cooperated with the requests communicated to me from Attorney Robert Schwab, which included producing medical records, submitting to independent medical examinations, exchanging expert reports, and sitting for a deposition.

15. My participation in those activities in my workers' compensation case did not inform me that discovery or other obligations were outstanding in this above-captioned action until the telephone call referenced earlier.

16. Upon learning of the problem during the call described herein, I requested Kennedy, Johnson, Schwab & Roberge, P.C., to assist me with this above-captioned action and authorized the firm to take the steps necessary to address the delays and move the case forward.

17. I intend to pursue this action and will cooperate with counsel in completing discovery, appearing for my deposition, and complying with the Court's schedule.

18. I recognize that the subject matter of this affidavit is subject to attorney-client privilege and knowingly waive such privilege in light of the issues implicated by the Court's Order to Show Cause. My waiver of this privilege is confined to the subject matter referenced herein.

Dated October 30th, 2026, at New Haven, Connecticut

Michael Iannone

STATE OF CONNECTICUT)
COUNTY OF NEW HAVEN) ss: New Haven

On October 30th, 2026, personally appeared Michael Iannone, signer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me

[✓] NOTARY PUBLIC
[ ] COMMISSIONER OF THE SUPERIOR COURT

ANDREA E. ONOFRIO
*NOTARY PUBLIC*
My Commission Expires Oct. 31, 2027